# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN ZENNER, | CASE NO. 09cv0815 BTM(NLS) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

Plaintiff has filed a motion for summary judgment. Defendant has filed a cross-motion for summary judgment. For the reasons discussed below, Plaintiff's motion for summary judgment is **GRANTED** and Defendant's cross-motion for summary judgment is **DENIED**.

## I. PROCEDURAL BACKGROUND

On March 10, 2006, Plaintiff filed an application for Disability Insurance Benefits, alleging disability since April 25, 2005. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge. The hearing was held on July 29, 2008, before Administrative Law Judge Eve B. Godfrey ("ALJ"). On September 29, 2008, the ALJ issued a decision denying Plaintiff's application for benefits. Plaintiff filed a request for review with the Appeals Council, which was denied.    Plaintiff seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II. ALJ'S FINDINGS AND CONCLUSIONS

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2010, and has not engaged in substantial gainful activity since April 25, 2005, the alleged onset date.

The ALJ found that Plaintiff has the following severe impairments: affective disorder, mild tendonitis of the right shoulder, and mild cervical degenerative disc disease. The ALJ also found that Plaintiff's impairment or combination of impairments do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that she is limited to nonpublic, simple, unskilled work that requires little contact with others, allows her to change position every thirty minutes and miss ten days of work a year. Based on the VE's testimony, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations such as "Production Helper" (DOT 530.384-010) "Order Filler" (DOT 209.587-034) and "Inspector" (DOT 716.687-030).[1]

## III. STANDARD

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th

---

[1] Under the Social Security Regulations, the determination of whether a claimant is disabled within the meaning of the Social Security Act is a five step process. The five steps are as follows: (1) Is the claimant presently working in any substantially gainful activity? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step two. (2) Is the claimant's impairment severe? If not, then the claimant is not disabled. If so, then the evaluation proceeds to step three. (3) Does the impairment "meet or equal" one of a list of specific impairments set forth in Appendix 1 to Subpart P of Part 404? If so, then the claimant is disabled. If not, then the evaluation proceeds to step four. (4) Is the claimant able to do any work that she has done in the past? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step five. (5) Is the claimant able to do any other work? If not, then the claimant is disabled. If, on the other hand, the Commissioner can establish that there are a significant number of jobs in the national economy that the claimant can do, the claimant is not disabled. 20 C.F.R. § 404.1520. See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance. Id. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

## IV. DISCUSSION

Plaintiff contends that the ALJ's decision should be set aside because the ALJ erred in not giving controlling weight to the opinion of James E. Adams, M.D., Plaintiff's treating psychiatrist. As discussed below, although Dr. Adams's opinion was not automatically entitled to controlling weight, the ALJ failed to provide legitimate reasons for rejecting his opinion.

A. Dr. Adams's Treatment of Plaintiff

Dr. Adams saw Plaintiff on four occasions between 11/4/05 and 12/15/05. Plaintiff's complaints included anxiety, depression, irritability, social anxiety, and loss of sleep. (AR 328-343.) Dr. Adams' initial diagnosis was 296.80 (Bipolar II) and 300.02 (generalized anxiety disorder). (AR 408.) Dr. Adams assigned a GAF score of 50. (Id.) With respect to Plaintiff's mental status, on a check-list form, Dr. Adams indicated that Plaintiff's mood was depressed, anxious, and tearful, and that her affect was blunted. (AR 341.) Dr. Adams indicated that Plaintiff's thought process was organized/goal directed, her memory was immediate, her intelligence was normal, and her judgment was intact, although she showed poor impulse control with respect to overspending. (Id.)

After Plaintiff's 12/15/05 visit, Dr. Adams did not see Plaintiff again until 7/24/06. (AR 356.) After 7/24/06, Dr. Adams saw Plaintiff on a regular basis through 9/5/08. (AR 356-59; 387-431; 567-74, 585-602.)

In a Short-Form Evaluation for Mental Disorders completed on 8/16/06, Dr. Adams indicated that Plaintiff was "bipolar depressed." (AR 356.) In the "current mental status examination" section, Dr. Adams noted that Plaintiff's mood was anxious and depressed and that her affect was labile. He commented that she had "rapid dips down in mood." (AR 357.)

He indicated that Plaintiff was oriented in all spheres, slightly distracted, average in intelligence, normal in memory, and goal-directed. (Id.) He noted that Plaintiff's judgment was mildly impaired as Plaintiff did not follow up with directions regarding treatment. (AR 358.) He checked the box "Fair" in response to the questions whether Plaintiff can understand, remember, and carry out complex instructions; understand, remember, and carry out simple instructions; maintain concentration, attention and persistence; perform activities within a schedule and maintain regular attendance; complete a normal workday and workweek without interruptions from psychologically based symptoms; and respond appropriately to changes in a work setting. (AR 359.) "Fair" is defined by the form as "[t]he evidence supports the conclusion that the individual's capacity to perform the activity is impaired, but the degree/extent of the impairment needs to be further described." (Id.) Dr. Adams did not include any further description of Plaintiff's impairments.

The opinion Plaintiff relies on is a mental impairment questionnaire filled out by Dr. Adams on April 25, 2008. In this form, Dr. Adam explains that Plaintiff is "[e]asily overwhelmed with minimal stresses, negative thinking, very low mental/physical stamina, mood can dip very low for weeks at a time, severe pain distracting her." (AR 426.) He checked the following signs and symptoms: anhedonia or pervasive loss of interest in almost all activities; decreased energy; blunt, flat or inappropriate affect; generalized persistent anxiety; mood disturbance; difficulty thinking or concentrating; psychomotor agitation or retardation; persistent disturbances of mood or affect; emotional lability; memory impairment - short, intermediate or long term; and sleep disturbance. (AR 427.)

With respect to Plaintiff's mental abilities and aptitudes needed to do unskilled work, Dr. Adams noted that she was "limited but satisfactory" in most areas. (AR 428.) However, he indicated that Plaintiff was "seriously limited, but not precluded" with regard to ability to maintain regular attendance and be punctual within customary tolerances, work in coordination with or proximity to others without being unduly distracted, make simple work-related decisions, and complete a normal workday and workweek without interruptions from psychologically based symptoms. He also indicated that Plaintiff was "unable to meet

competitive standards" with respect to ability to perform at a consistent pace without an unreasonable number and length of rest periods and deal with normal work stress.

As for Plaintiff's abilities and aptitudes needed to do semiskilled and skilled work, Dr. Adams noted that Plaintiff was "seriously limited, but not precluded" with respect to ability to deal with the stress of semiskilled and skilled work. (AR 429.) Dr. Adams also indicated that Plaintiff was "unable to meet competitive standards" with respect to ability to interact appropriately with the general public, maintain socially appropriate behavior, and travel in an unfamiliar place." (Id.) Dr. Adams explained, "Due to combination of low mood and chronic fatigue and low back pain, patient has very low stamina, ability to interact, and maintain focus." (Id.)

Dr. Adams checked "marked" next to the functional limitations of restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence or pace. (AR 430.) He indicated that Plaintiff had suffered three episodes of decompensation within a 12 month period. (Id.) Dr. Adams also checked the box next to "[a]n anxiety related disorder and complete inability to function independently outside the area of one's home." (Id.) He indicated that Plaintiff would have to be absent from work more than four days per month on average. (AR 431.)

B. Other Medical Evidence Re: Plaintiff's Mental Impairments

On September 8, 2006, Plaintiff was seen by Harold Konia, M.D., for a clinical psychiatric consultative examination. Dr. Konia observed that Plaintiff was mildly depressed and that her affect was constricted, at times tearful, but appropriate. (AR 361.) Dr. Konia observed that Plaintiff was oriented in 3 spheres, cooperative, had fair judgment, and had good remote and recent memory. There was no evidence of looseness of associations or flight of ideas.

Dr. Konia diagnosed Plaintiff with a mood disorder not otherwise specified and alcohol abuse by history. (AR 362.) He assigned Plaintiff a GAF score of 63. Dr. Konia concluded: "On psychiatric CE her mood was mildly depressed. There was no evidence of an overt

thought disorder.  Her cognitive functions were intact.  She does not have a mental disorder which would prevent her from performing simple, repetitive work-tasks.  She is considered to be capable of managing her own funds."

On September 28, 2006, State psychiatric consultant, R.B. Paxton, M.D., completed a Mental Review Technique form.  (AR 363-376.)  Based on his review of the records, Dr. Paxton concluded that Plaintiff had mild limitations with respect to activities of daily living, maintaining social functioning , and maintaining concentration, persistence, or pace.  (AR 371.)  Dr. Paxton also concluded that Plaintiff had moderate limitations with respect to ability to carry out detailed instructions and ability to interact appropriately with the general public, but otherwise did not have significant mental functional limitations.  (AR 374-75.)

At the hearing, Sidney Bolter, M.D., testified as a medical expert.  Based on his review of the records, Dr. Bolter concluded that Plaintiff only had mild restrictions of activities of daily living, moderate restrictions in maintaining social functioning, and no limitations with respect to concentration, persistence, or pace.   (AR 64.)

C.  <u>ALJ's Rejection of Dr. Adams's Opinion</u>

The ALJ rejected Dr. Adams's April 25, 2008 opinion regarding the severity of Plaintiff's mental impairment.  The ALJ explained:

> However, the opinion of this doctor appears on a fill-in-the-blank form, with only marginal notes attached to it.  The doctor failed to cite any medical testing results or objective observations to support his conclusions as to the claimant's residual functional capacity.  Furthermore, the opinion of this doctor, who assessed the claimant with marked mental limitations is not afforded any significant weight as this opinion conflicts with the substantial evidence of the record, documenting less severe limitations. (Social Security Ruling 96-6p).  There is nothing in Dr. Adam's progress notes to support his opinion that the claimant has marked mental limitations.  He primarily sees the claimant for medication management and couples therapy.  There is no evidence that he actually performed a complete mental status examination as a basis for this opinion.  The doctor did not adequately consider the entire record, including the statements of collateral sources and the objective findings of other treating physicians.  The objective evidence in the record does not support the level of severity that this doctor assigns.

(AR 17.)

As a general matter, opinions of treating physicians are given controlling weight when

supported by medically acceptable diagnostic techniques and when not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(d)(2); SSR 96-2p. Where a treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1990). In doing so, the ALJ must do more than proffer her own conclusions – she must set forth her own interpretations and why they are superior to that of the treating physician's. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ may meet this burden by conducting a detailed and thorough discussion of the facts and conflicting evidence, and by explaining her interpretations and findings. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Even if the treating physician's opinion is inconsistent with other substantial evidence in the record, the treating physician's opinions are still entitled to deference and must be weighted using the factors provided in 20 C.F.R. § 404.1527. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); SSR 96-2p. These factors include, inter alia, the "nature and extent of the treatment relationship" between the patient and the treating physician, the "length of the treatment relationship and the frequency of examination," the amount of relevant evidence that supports the opinion and the quality of the explanation provided, and the consistency of the medical opinion with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6).

Dr. Adams's opinion is inconsistent with other substantial evidence in the record such as Dr. Konia's and Dr. Paxton's opinions. Accordingly, Dr. Adams's opinion was not entitled to controlling weight. The issue before the Court is what, if any, weight should have been afforded to Dr. Adams's opinion.

In choosing to not give any significant weight to Dr. Adams's opinion, the ALJ primarily relied on the absence of medical testing results or objective observations to support his conclusions. The Court disagrees with the ALJ's reasoning. Although the April 25, 2008 questionnaire did not refer to a specific mental examination or specific objective evidence,

it is fair to conclude that Dr. Adams's opinion was based on his personal observations of Plaintiff throughout the course of his treatment of her. Dr. Adams treated Plaintiff regularly from July 2006 forward. Dr. Adams had a longitudinal view of Plaintiff's condition and observed first-hand how Plaintiff was doing from month to month. Despite Dr. Adams's failure to detail his observations and independent assessments in his treatment notes, Dr. Adams undoubtedly made his own observations and formed his own conclusions regarding Plaintiff's mental impairment, which are reflected in the April 25, 2008 opinion.

Dr. Adams's assessment of Plaintiff's ability to maintain social functioning, concentration, persistence and pace over a period of time is entitled to significant weight because he is the only physician who has a longitudinal view of how Plaintiff's condition fluctuates and affects her ability to function. Dr. Adams saw Plaintiff either monthly or every couple of weeks and had the opportunity to observe that Plaintiff's "mood can dip very low for weeks at a time" and that Plaintiff has low physical/mental stamina. (AR 426.) Dr Adams concluded that Plaintiff would have to miss work more than four days per month and was not a malingerer based upon his observations of Plaintiff over the course of a year and nine months. (AR 431.)

In contrast, Dr. Konia only saw Plaintiff one time. Although mental activities such as understanding and memory may be accurately assessed based on tests administered during a single visit, the Court is not convinced that the same can be said for sustained concentration and persistence. Therefore, Dr. Adams's opinion regarding Plaintiff's ability to maintain social functioning, concentration, persistence and pace over a period of time is entitled to greater weight than Dr. Konia's opinion. Dr. Adams's opinion in this regard is also entitled to greater weight than the opinions of Dr. Paxton and Dr. Bolter, who based their opinions on the review of the record and never saw Plaintiff at all.

The ALJ cited as an additional reason for rejecting Dr. Adams's opinion that Dr. Adams did not "adequately consider the entire record, including the statements of collateral sources and the objective findings of other treating physicians." However, the ALJ did not identify the collateral sources or the objective findings of other treating physicians.

Apparently, the ALJ was referring to the opinions of Dr. Konia and Dr. Paxton, who were not treating physicians. The Court fails to see how the validity of Dr. Adams's opinion is affected by whether Dr. Adams addressed the findings of Dr. Konia or Dr. Paxton.

Although there is a split in authority in this circuit whether the "credit-as-true rule" is mandatory or discretionary, see Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009), the Court finds that it is appropriate to apply the rule in this case and credit the opinion of Dr. Adams as a matter of law. There is nothing in the record that supports rejecting Dr. Adams's opinion. Crediting Dr. Adams's opinion, including that Plaintiff would miss four days of work a month, Plaintiff would not be able to perform any jobs in the national economy. (AR 73.) Therefore, Plaintiff is disabled and is entitled to an award of benefits.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **GRANTED** and Defendant's cross-motion for summary judgment is **DENIED**. The decision of the ALJ is reversed, and the case is remanded to the Social Security Administration for a calculation of benefits. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 26, 2010

Honorable Barry Ted Moskowitz
United States District Judge